**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.    STACY J. BURLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| 1.    FARMERS NEW WORLD LIFE | ) | |
| INSURANCE COMPANY, | ) | **JURY TRIAL DEMANDED** |
| | ) | **ATTORNEY LIEN CLAIMED** |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Stacy J. Burlison, by and through her attorneys of record, BROWN & GOULD, PLLC, for her complaint against Defendant Farmers New World Life Insurance Company, alleges and states as follows:

**I.
PARTIES**

1. Plaintiff Stacy J. Burlison ("**Plaintiff**" or "**Burlison**") is an individual resident of Canadian County, Oklahoma.

2. Defendant Farmers New World Life Insurance Company ("**Defendant**" or "**Farmers**") is a foreign insurance company authorized to do business in the State of Oklahoma that may be served with process by and through its mandatory designated agent pursuant to OKLA. STAT. tit. 36, §§ 621-622, John Doak, Oklahoma Insurance Commissioner, Oklahoma Insurance Department, P.O. Box 53408, Oklahoma City, Oklahoma 73152-3408.

**II.**
**JURISDICTION AND VENUE**

3. This civil action arises out of Farmers' unlawful refusal to provide life insurance benefits to Plaintiff under the terms and conditions of her late husband's life insurance policy. Plaintiff alleges claims for breach of contract and bad faith against Farmers.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. First, there is complete diversity of citizenship between Plaintiff and Farmers. Plaintiff is a citizen of the State of Oklahoma. Farmers is a foreign corporation organized under the laws of a State other than Oklahoma with its principal place of business in the States of Washington and/or Ohio. Second, Plaintiff is seeking damages in excess of $75,000, exclusive of interests and costs. Thus, all jurisdictional requirements set forth in 28 U.S.C. § 1332 are met.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. This judicial district is where Plaintiff's claim arose, where Farmers conducts business, and where Farmers has a registered service agent for the service of process.

6. All conditions precedent to instituting this action have occurred, been performed, were waived, or have otherwise been satisfied.

**III.**
**STATEMENT OF FACTS**

7. Farmers is in the business of selling and administering life insurance to residents of the State of Oklahoma.

8. On or about November 30, 2011, Farmers sold Gary Burlison (Plaintiff's now-

deceased husband) a life insurance policy bearing policy number 009450033, with an issue date of December 2, 2011 ("**the Policy**") and an expiration date of December 2, 2061, for purposes of insuring Gary Burlison's life for the principal sum of $150,000.

9. In return for Gary Burlison making timely payment of monthly premiums, Farmers promised that it would pay $150,000 as the ***guaranteed amount payable*** upon Gary Burlison's death.

10. In fact, Farmers promised that "If the insured [*i.e.*, Gary Burlison] dies while this policy is in force, we will pay the proceeds to the beneficiary upon receipt of due proof of the insured's death."

11. The proceeds payable under the terms of the Policy are: (a) the principal sum (*i.e.*, $150,000); plus (b) the benefit under the terms of any attached rider; plus (c) any part of a premium paid beyond the policy month of the insured's death; less (d) any premium overdue at the date of the insured's death.

12. The only condition Farmers placed on the payment of benefits was that if Gary Burlison committed suicide during the first two policy years, the amount payable would be limited to the premiums paid.

13. Gary Burlison did not commit suicide.

14. Before his death, Gary Burlison designated his wife, Plaintiff Stacy Burlison, as the beneficiary of his life insurance policy.

15. Gary Burlison paid all premiums due under the Policy to keep it in full force

and effect. And, the Policy was in full force and effect at the time of Gary Burlison's death.

16. On or about December 3, 2011, while in Woodward, Oklahoma, Gary Burlison died from a cause other than suicide.

17. Specifically, Gary Burlison was found deceased in his hotel room in Woodward, Oklahoma, after he fell in the shower, struck his chin on the deck located across from the bed, and suffered trauma to his head.

18. The Office of the Chief Medical Examiner for the State of Oklahoma determined that Gary Burlison's manner of death was ***an accident*** and determined that his cause of death was acute combined intoxication with ethanol, alprazolam, and carisoprodol.

19. In his Report of Autopsy, Report of Investigation, and Death Certificate, the Chief Medical Examiner repeatedly confirmed that Gary Burlison's death was an accident and thus not the result of suicide.

20. Following Gary Burlison's death, Plaintiff Stacy Burlison made a claim for life insurance benefits which Farmers received and began processing.

21. Specifically, in or around January 2012, Plaintiff went to her insurance agent's office and notified the agent of Gary Burlison's accidental death. At that time, Plaintiff and her agent filed a claim with Farmers and enclosed the Chief Medical Examiner's Report and Gary Burlison's Death Certificate.

22. Despite receiving proof of Gary Burlison's death and confirmation that the death was accidental, Farmers has unreasonably delayed its payment to Plaintiff and has

unreasonably refused to pay Plaintiff life insurance benefits despite the fact that payment is clearly due and owing under the terms and conditions of the Policy.

23.  Farmers has no legitimate reason to deny Plaintiff the life insurance benefits she is owed. In fact, since filing the claim, Plaintiff has cooperated with Farmers' unreasonable "investigation" of the claim and has provided Farmers with her deceased husband's amended Death Certificate, with the Chief Medical Examiner's Report of Investigation, and with the Chief Medical Examiner's Autopsy Report, all which confirm that her deceased husband's death was accidental and not the result of suicide.

24.  In refusing to pay Plaintiff the life insurance benefits she is owed, Farmers has breached its contractual obligations to Plaintiff as the beneficiary of the Policy.

25.  Farmers also failed to properly investigate Plaintiff's claim. Aside from refusing to pay life insurance benefits despite the clear and unambiguous terms of the Policy, Farmers has also unreasonably delayed the payment of benefits while claiming that it needs additional information that is irrelevant to its actual claims determination.

26.  Plaintiff first filed her claim for benefits in January 2012 and provided Farmers the necessary documentation to determine that benefits were payable under the Policy because Gary Burlison's death was accidental. On or about May 24, 2012, Plaintiff's counsel again provided Farmers all the necessary documentation it needed to determine that benefits were payable under the Policy because Gary Burlison's death was accidental. Now, ten (10) months later, Farmers *continues* to unreasonably claim that it needs additional information

from Gary Burlison's daughter and a Family Medicine Specialist despite this proof.

27.    Farmers has violated Oklahoma state law, including OKLA. STAT. tit. 36, §§ 4013 and 4030.1, in refusing to pay Plaintiff the life insurance benefits she is owed under the Policy.

28.    Farmers's unwillingness to fairly pay Plaintiff the benefits she is owed is patently unreasonable and constitutes bad faith.

## IV.
## THEORIES OF RECOVERY

### A.
### BREACH OF CONTRACT

Plaintiff incorporates all of her prior allegations by reference.

29.    Farmers has arbitrarily and capriciously breached the life insurance contract by refusing to pay Plaintiff life insurance benefits under the terms of the Policy.

30.    As a result of Farmers's breach of the insurance contract, Plaintiff has been injured and damaged and is entitled to recover those damages from Farmers.

WHEREFORE, Plaintiff prays for judgment against Farmers for the following relief:

    a.   Contractual damages against Farmers, including but not limited to unpaid benefits and contractual interest on payments owed;

    b.   Pre-judgment and post-judgment interest;

    c.   Costs, including but not limited to court costs, expert fees, attorney's fees and expenses; and

    d.   Such other and further relief as the Court deems appropriate under the circumstances presented.

**B.**
**B**AD **F**AITH

Plaintiff incorporates all of her prior allegations by reference.

31. Farmers knowingly and intentionally handled the insurance claim of Plaintiff as a matter of routine business practice in handling like claims under like policies.

32. Farmers has intentionally and wrongfully refused to pay Plaintiff life insurance benefits that are owed under the terms of the Policy.

33. Farmers has breached its duty to deal fairly and act in good faith towards Plaintiff by:

    a. failing and refusing policy benefits due to Plaintiff at a time when Farmers knew that Plaintiff was entitled to those benefits;

    b. failing to properly investigate Plaintiff's claim and attempting to obtain irrelevant additional information in connection with the claim;

    c. withholding payment of benefits even though Farmers knew Plaintiff's claim for those benefits was valid;

    d. refusing to honor Plaintiff's claim for reasons contrary to the express provisions of the subject policy and/or Oklahoma law;

    e. refusing to honor Plaintiff's claim by knowingly misconstruing and misapplying provisions, terms and/or definitions of the Policy;

    f. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under the Policy;

    g. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim once liability had become reasonably clear;

      h.      forcing Plaintiff, pursuant to Farmers's standard claims practice, to retain counsel in order to secure payment Farmers knew was required under the Policy; and

      i.      failing to properly evaluate any investigation that was performed.

34. As a proximate result of Farmers's breach of its duty of good faith and fair dealing, Plaintiff has suffered aggregate damages and other losses in excess of $75,000.00.

35. Farmers has acted intentionally and with malice towards Plaintiff and has been guilty of reckless disregard for the rights of Plaintiff, entitling her to punitive damages.

WHEREFORE, Plaintiff prays for judgment against Farmers for the following relief:

      a.      Compensatory damages against Farmers, including but not limited to unpaid benefits and contractual interest on payments owed;

      b.      Emotional distress damages;

      c.      Punitive damages;

      d.      Pre-judgment and post-judgment interest on all damages;

      e.      Costs, including but not limited to court costs, expert fees, attorney's fees and expenses; and

      f.      All further relief as the Court deems appropriate under the circumstances presented.

## V.
## JURY DEMAND

36. Plaintiff requests that a jury be convened to try the factual issues in this case.

## VI.
## PRAYER

WHEREFORE, Plaintiff prays that she be awarded judgment against Defendant and

actual and compensatory damages together with costs, pre- and post-judgment interest, punitive damages, emotional distress damages, attorney's fees, costs, and any other relief as may be appropriate.

        Respectfully submitted,

        s/ Joshua C. Stockton
        George H. Brown, OBA #18020
        Tony Gould, OBA #18564
        Joshua Stockton, OBA # 21833
        **BROWN & GOULD, PLLC**
        136 N.W. 10th Street, Suite 200
        Oklahoma City, Oklahoma 73103
        Telephone: (405) 235-4500
        Facsimile: (405) 235-4507
        Email: jstockton@browngouldlaw.com